Gaston, Judge,
 

 delivered the opinion of the court:'
 

 The plaintiff on the trial of this ejectment, offered in evidence to support the title of his lessor a deed from the sheriff, purporting to convey
 
 the land in
 
 controversy, an execution purporting to give the sheriff an authority to sell it, and a judgment on which it was alleged this execution liad issued. The defendant objected to the testimony offered, that the judgment did not warrant the execution. The Judge sustained
 
 this
 
 objection and non-suited the plaintiff. The plaintiff moved to set aside the nonsuit. This motion was refused and the plaintiff an-pealed.
 

 The execution commands the sheriff, of the goods and chattels, lands and tenements of
 
 James P. Hughes
 
 anti wife, to make a sum of money which was recently recovered by
 
 Willoughby D.
 
 Barnard, “ administrator of
 
 Dennis Doxier,
 
 deceased,” and
 
 it is insisted
 
 that the judgment was rendered in favor of the said
 
 Willoughby D. Barnard,
 
 personally. The record is exceedingly imperfect and informal. It sets forth a writ issued
 
 in
 
 behalf of
 
 Willoughby D. Barnard,
 
 administrator of
 
 Dennis Dottier,
 
 the pleas of the defendants the issues joined, and
 
 “
 
 leave given on motion of the plaintiff to amend the writ by striking out “ administrator.” It does not state that
 
 *296
 
 the amendment was made, bnt sets forth a ver diet upon
 
 the
 
 issues joined, in favor of the plaintiff, gives no formal judgment and shows the execution such as is above recited, issued upon the judgment in that suit and returned by the Sheriff executed, it has been long settled in this State, that upon a verdict which connected with the pleadings, authorises a judgment and where no judgment is formally entered, we are bound to intend such a judgment as ought to have been rendered. The defendant contends that leave having been given to the plaintiff in that suit to amend his writ, the writ must bo considered as though it had then been amended
 
 accordingly;
 
 and that upon a writ so amended, and on the issues and verdict, the judgment ought to have been rendered in behalf of
 
 Barnard
 
 personally. The case of
 
 Ufford
 
 v.
 
 Lucas,
 
 in
 
 2d Hawks,
 
 is relied on as an authority in support of this argument. In that case, a writ had been sued out in detinue, and ponding the action leave had been given to amend the writ so as to suit it to an action in trover. The amendment was not actually made on the record, but the action proceeded as an action of tro-ver, and the verdict and judgment wore in trover. After an appeal to this court, the defendant endeavored to reverse the judgment because of a variance between that and the writ, but the court refused to reverse for this cause, and declared that the parties having agreed that the writ might be amended to trover, and all the proceedings thenceforth up to the rendition of the judgment being in trover, the appellate court would consider the amendment made as fully as though it had been entered of record. But in the record which wo are now considering there is nothing from which it can be seen that the proceeding subsequent to the leave given, did correspond with the
 
 new
 
 form which the plaintiff was permitted to give to his writ. It does not appear of record, nor can we infer it that the
 
 plaintiff
 
 availed himself of this leave. We cannot pronounce therefore that such an amendment was made, nor can wo intend any other judgment than that which consists with the writ, the pleadings and the verdict, and which consists also with the execution that issued thereon.
 

 
 *297
 
 Jt is not to be inferred from what has been said that if the judgment could hare been construed or intended as one jn |'avor 0f
 
 Barnard
 
 personally, the misprision of the cleric in inserting the words “administrator of D.
 
 Do-%iei'”
 
 in the execution, could cause that execution to be regarded as a nullity. The execution was returned to the court and made a part of the record of the suit in which the judgment was rendered. It is clear we think that the misprision could and would have been corrected by the proper court as amatterof course; and if so we are not prepared to decide that such a discrepancy between the judgment and execution can be objected to by third persons as actually invalidating the execution.
 

 It is the opinion of the court that the judgment of non-suit be reversed and a new trial awarded.
 

 Per Curiam.' — Judgment reversed.