M. L. BEARD and others v. JACK HALL and others.

*Parties—Judgment.*

Where a defendant in a civil action dies after verdict and before judgment, the plaintiff is entitled to a judgment without waiting to make the personal representatives or heirs of the defendant, as the case may be, parties to the action.

MOTION in the Cause by the plaintiffs heard at Chambers in Winston on the 21st of May, 1878, before *Cloud, J.*

The action in which this motion was made was originally brought in Rowan to subject certain real estate sold by virtue of a decree in equity to the payment of the purchase money.    The plaintiffs moved for judgment in accordance with the verdict of the jury theretofore rendered.    It was admitted that since the trial of the action the defendant Hall had died, and his personal representative had not been made a party defendant.    His Honor held that the personal representative was a necessary party, and refused the motion, from which ruling the plaintiffs appealed.

*Messrs. Jones & Johnston* and *W. H. Bailey,* for plaintiffs.
*Messrs. J. S. Henderson* and *J. M. McCorkle,* for defendants.

BEARD v. HALL.

FAIRCLOTH, J.  After the trial and verdict in favor of the plaintiff and before judgment entered, the defendant or one of them died.  His Honor refused plaintiffs' motion for judgment on the ground that the personal representative of the deceased was a necessary party.  In this there was error.  A judgment is the legal conclusion upon facts found or admitted by the parties in the course of the action, to which the party (plaintiff in this instance) is entitled as a matter of course as soon as the facts are so established. This is the rule of the common law, and we have found no statute enacting otherwise.  2 Tidd's Practice, 932; 2 Daniel's Ch. Pr., 1017; *Davies* v. *Davies*, 9 Vesey, 461; *Campbell* v. *Mesier*, 4 Johns., 341.

If after verdict the Court should take time to consider, as for argument, or on a motion in arrest, or for a new trial, &c., and meanwhile the party died, judgment will be entered in vacation, or at a subsequent term, *nunc pro tunc*. If this were not allowed, then a party would be prejudiced and possibly damaged by the act of the Court.  If by consent of parties, judgment is not entered but is delayed for a reasonable cause, the same rule would be applied if invoked within a reasonable time.  It can work no harm to the interested parties as it would not affect any payments, or other cause of discharge arising after the time when the verdict was rendered.  This must be the rule between the parties and their representatives.  The question as to the effect of judgments entered in this way upon purchasers or other third parties is not presented in the record or considered by this Court.

Error.                                    Reversed.