D. C. LAWRENCE v. A. C. BECK AND P..B. BECK, HIS WIFE.

(Filed 28 March, 1923.)

**1. Mortgages—Foreclosure—Sales—Statutes—Clerks of Court.**

The clerk of the court acquires supervisory power of the sale of land under power contained in a mortgage or deed of trust from the time of an advanced bid paid into his hands, under the provisions of C. S., 2591, which continues until after the final sale under foreclosure.

**2. Same.**

The supervisory powers invested in the clerk of the court over sales under mortgage, deed of trust, etc., are not those of general control as exercised by the courts in case of an ordinary judicial sale, but confined by the statute to sales, and resales under the power of sale contained in the instruments, and in accordance with the directions of the statute. C. S., 2591.

**3. Same—Ministerial Duties—Nunc Pro Tunc.**

While under the provisions of C. S., 2591, it is required that the clerk order title to be conveyed to the purchaser at the final resale, *semble*, this order is merely ministerial when the resale has been made in accordance with the statute in other respects, and the omission may be supplied by the clerk making the order *nunc pro tunc*, and the deed accordingly made will convey the title to the purchaser.

**4. Judgments—Conclusions of Law—Matter of Right.**

A judgment is the conclusion of law upon the facts admitted or authoritatively established in the course of a properly constituted suit; and where the ultimate facts have been so ascertained, a correct judgment must follow and be entered thereon as of right.

**5. Mortgages—Foreclosure—Sales—Contracts—Agreement of Parties— Clerks of Court—Statutes.**

Where the mortgagor of land is in possession and has placed substantial improvements thereon, and is unable to meet some of the notes he has given to the mortgagee for the balance of the purchase price of the land, he may make a valid and enforceable compromise agreement with the mortgagee that the latter will cancel the outstanding notes, and the former will surrender immediate possession and lose the value of the improvements he has placed on the land; and where, in pursuance of this agreement, the mortgagor has proceeded to foreclose under the power of sale for the purpose of shutting off the right of redemption by the mortgagor and his successors in title, and thereafter the mortgagee, as final purchaser, has brought his action for possession, and his title is found to be incomplete for the failure of the clerk to order conveyance to him, C. S., 2591, it will not warrant a judgment, ignoring this agreement and permitting the plaintiff to proceed with his foreclosure without prejudice.

**6. Same—Judgments.**

*Held*, under the facts established by the verdict in this case, judgment will be entered that the clerk order the conveyance to the purchaser *nunc pro tunc;* that plaintiff surrender for cancellation the remaining purchase money or mortgage notes of the defendant, with interest thereon;

that defendant's right of redemption and all interest in the lands in defendant or their successors be forever barred and foreclosed; that plaintiff is entitled to the present possession of the land, and that a writ issue to that end; that plaintiff recover the ascertained rents and profits of the land during defendant's wrongful possession, with costs taxed equally against the parties.

APPEAL by plaintiff from *Daniels, J.,* and a jury, at September Term, 1922, of LEE.

Civil action to recover possession of a house and tract of land under claim of ownership by reason of a purchase at foreclosure sale, and for judgment for deficiency in purchase price.

There were facts in evidence on part of plaintiff tending to show that on 1 September, 1920, plaintiff sold and conveyed to defendants the house and land in controversy for $5,600, to be paid at the rates of $100 per month, with accrued interest, notes being given for these amounts respectively, and at said date the grantees executed a deed of trust to D. B. Teague to secure payment of said notes with power of sale on default, said instrument containing provision that the entire debt would mature on failure of payment of any installment of purchase price and interest thereon, or any part of same. That defendant met the payments as per contract till 1 March, 1921, and default being thereafter made, the trustee, at plaintiff's instance, sold said land after due advertisement, when one C. A. Godfrey became the last and highest bidder, at $4,525. That within ten days, an increase having been made and paid to the clerk by one D. L. St. Clair, a resale was ordered under C. S., 2591, and at said second sale the property was bid off by one P. L. Johnston at $4,775, and that bid having been duly assigned to plaintiff, the trustee conveyed the property to said plaintiff, and after crediting the purchase money notes with amount of bid, there was a balance due plaintiff of $437.20.

There was further evidence to the effect that defendant has been in the continuous possession of the property and refuses to surrender same to plaintiff, and on these, the principal allegations of the complaint, with supporting evidence, plaintiff seeks to recover possession of the property and balance due on the purchase money.

Defendant denied that there had been any regular or valid foreclosure of the deed of trust, and offered evidence tending to show that no report of the second sale had ever been made to the clerk of the Superior Court, and no order entered by him that the trustee make the deed to plaintiff under which he claims title.

Defendant alleged further, and offered evidence tending to show, that on or after 1 March, 1921, the time of the alleged default, defendant having paid $500 of the purchase price with maturing interest, and

having made permanent improvements on the property to the amount of $1,200, plaintiff and defendants came to an agreement to cancel the trade under conditions as then presented, plaintiff to surrender the unpaid purchase-money notes, amounting to $5,100, and defendant to give up the property, losing thereby the $500 already paid and the improvements put upon the place. That plaintiff being advised by counsel that in order to bar defendants of any further claim or equity in the property, it was advisable and perhaps necessary that a foreclosure be had, defendant agreed to make no objection or resistance thereto, and plaintiff could take such steps as were required to assure his title. That defendant was ready and willing to carry out his part of the agreement above set forth, and had moved a part of his property from the place when ascertaining that plaintiff would not surrender the purchase-money notes, and was to insist on a deficiency judgment, defendant refused to vacate the property, and has since been in possession of the same. On these, the opposing positions and evidence of the parties, the cause was submitted to the jury, and verdict rendered by them as follows:

"1. Was the deed of trust foreclosed as provided by law? Answer: 'No.'

"2. Is the plaintiff the owner and entitled to possession of the lands described in the complaint? Answer: 'No.'

"3. What is the monthly rental value of said land? Answer: '$30 per month.'

"4. Did plaintiff agree to cancel and surrender the notes of defendants' as alleged? Answer: 'Yes.'"

Judgment was entered that defendants go without day without prejudice to plaintiff's right of foreclosure as provided by law and the contract of the parties. Plaintiff excepted and appealed.

*Seawell & Pittman and Teague & Teague for plaintiff.*
*Gavin & Jackson and Hoyle & Hoyle for defendant.*

HOKE, J. In C. S., 2591, provision is made for increase of bids and resale of property where there has been a foreclosure under a power of sale contained in a mortgage, deed of trust, etc., and in case of sales by executors, administrators, or others under a power conferred by a will. In the case of *In re Sermon's Land,* 182 N. C., 122, the Court, in referring to the statute, held that the powers of supervision and control conferred upon the clerks of the Superior Court did not arise in such cases unless and until there had been the advanced bid specified in the statute paid into the hands of said clerk. In the present case it appears that the advance bid was duly made, the amount paid to the clerk, and a resale ordered. On these facts the statute confers upon the clerk a

certain measure of supervision and control over the matter, and clearly contemplates and provides that where this right of supervision has attached, and a resale has been ordered, it is required to a complete and regular foreclosure that a report of such resale shall be made to the clerk, the question shall again remain open for another ten days for further increased bids, and on a final sale, the clerk shall enter an order that the mortgagee, trustee, or other shall make title to the purchaser. This sufficiently appears from the various provisions of the section as follows:

"That the clerk shall not only be paid the amount of the increased bid, but if there is any doubt of the solvency and promptness of the bidder, a bond may be required in security of the bid."

"Resales may be had as often as the bid may be raised in compliance with the section."

"Upon the final sale, the clerk shall have power to order that title be made to the purchaser, he may make such orders as may be just and necessary to safeguard the rights of the parties, and he shall keep a record which will show in detail the amount of each bid, the purchase price, and the final settlement, etc., etc."

And the recent case of *Pringle v. Loan Assn.,* 182 N. C., 316, gives decided intimation that this is the proper interpretation and effect of the statutory provision.

We think, therefore, his Honor correctly ruled that for want of a report to the clerk of the last sale, and an order by that officer to the trustee to make title, there has not been a regular and completed foreclosure, and these facts having been found by the jury, the first issue was properly answered against the plaintiff.

There is doubt, however, of the correctness of the second ruling of his Honor that in case the first issue should be answered "No," they should also answer the second issue "No." From a perusal of the statute and the decisions apposite, *In re Sermons, supra,* and *Pringle v. Loan Assn., supra,* it will appear that even after the right of supervision has arisen to the clerk by virtue of an increased bid, that officer's powers in the premises are not those of general control, as in case of an ordinary judicial sale. As said in *Sermon's case, supra,* the stipulations of the mortgage, etc., and the contract rights of the parties, are not to be interfered with except and to the extent that the statute expressly provides. The clerk's powers are only to see that on an increased bid, and as often as they are made, a resale shall be had, and on final sale a deed shall be made to the purchaser, and he may make such orders as may be just and necessary to that end, and where it appears, as in this case, that there was no further increase of the bid, and without orders of the clerk the parties have of their own motion proceeded to do the only thing the clerk could have ordered, as now advised, we see no reason why, so far as the second issue is concerned, this merely ministerial duty of the clerk

should not have been presently performed and supplied by action *nunc pro tunc,* and the plaintiff allowed a verdict on the issue as on a perfected claim.

On the record, we find it unnecessary to make definite decision on this question, for the verdict on the second issue is not found as a distinct and substantive fact, but only as a conclusion of law from his Honor's ruling and the finding of the jury on the first issue, and, regardless of the verdict on these two first issues, we are of opinion that the verdict on the third and fourth issues establishes facts which permit and require that the court make final disposition of the rights of the parties involved in the controversy.

In this jurisdiction, and others basing their system of jurisprudence on common-law principles, a judgment is but the conclusion that the law makes upon the facts admitted or authoritatively established in the course of a properly constituted suit, and where in such a proceedings the ultimate facts have been so ascertained and declared, the correct judgment must follow and be entered thereon as of right. *Beard v. Hall,* 79 N. C., 506; *Barnard v. Etheridge,* 15 N. C., 295; 23 Cyc., p. 665.

In *Beard's case, supra,* the principle adverted to is stated as follows: "A judgment is the legal conclusion upon facts found or admitted by the parties in the course of the action to which the party is entitled as a matter of course as soon as the facts are so established. This is the rule of the common law, and we have found no statute enacting otherwise," citing 2 Tidd's Practice, p. 932; 2d Daniels' Chancery, par. 1017; *Davies v. Davies,* 9 Vesey, p. 46; *Campbell v. Mesier,* 4 Johnston, p. 341.

Referring to the pertinent issues in view of these principles, and interpreting the same in reference to the pleadings, the evidence and the charge of the court, the appropriate and approved method with us, *Reynolds v. Express Co.,* 172 N. C., 487, the finding on the fourth issue determines that on or not long after 1 March, 1921, the parties mutually agreed to cancel the trade, plaintiff to surrender the remainder of the unpaid notes to the amount of $5,100, and all interest thereon, the property was to be returned to plaintiff, and possession surrendered, defendant thus losing the amount paid and all of the improvements. And further, that the foreclosure was merely in assurance of the title to plaintiff by shutting off any and all right of redemption in defendants or their successors in interest.

True, the exact time of the surrender of possession is not fixed by the verdict, but the evidence of the defendant is to the effect that the cancellation was to go into effect not long after 1 March, 1921, and the evidence of plaintiff fixes the time for surrender of possession to plaintiff on 1 September, 1921. There is practically no substantial conflict between the parties on the issue of cancellation, the evidence showing that after

they had entered on performance, the surrender of possession was interrupted by some nonessential occurrence, indicating that the parties, one or both of them, were in a sensitive mood and easy to take offense, but nothing occurred to justify a destruction or modification of the agreement to cancel.

Under the authorities, and in the absence of fraud and imposition, there was no reason why the parties could not make such an agreement. *Jones v. Pullen,* 115 N. C., 465; *McLeod v. Bullard,* 86 N. C., 210. And the jury having further found in response to the third issue that the fair rental of the land is $30 per month, and it further appearing that plaintiff is in present possession and control of the notes, we are of opinion that it is the conclusion of the law on the facts presented and established that plaintiff surrender for cancellation the remaining purchase-money notes and all interest thereon; that the right of redemption and any and all interest in the land in defendants or their successors be forever barred and foreclosed; that plaintiff is entitled to present possession of the property and writ issue to that end; that plaintiff have and recover of defendant and the sureties in any bond he may have given for the purpose the damages for adverse and wrongful occupation at the rate of $30 per month from 1 September, 1921, till possession be delivered to plaintiff. That the cost be taxed and adjudged the one-half against plaintiff and one-half against defendant, and that judgment be entered accordingly.

This will be certified that the judgment heretofore rendered be set aside and a new judgment entered in accord with this opinion.

Reversed.