MRS. R. H. CHEEK v. J. C. SQUIRES ET AL.

(Filed 22 April, 1931.)

1. **Mortgages H m—Deed of purchaser at foreclosure sale will not be declared void for failure of clerk to order trustee to make deed.**

The omission of the clerk to make an order to the trustee to give a deed to the purchaser at a foreclosure sale of a deed of trust is an irregularity in the foreclosure proceedings, but where the trustee has

complied with the terms of the power of sale and has executed a deed to the purchaser, the purchaser's title will not be held void solely on that account, the duty of the clerk to make the order being purely ministerial. C. S., 2591.

2. **Same—Purchaser's title is not affected by trustee's failure to make entry on margin of record nor by his failure to file statement.**

The purchaser of lands at a foreclosure sale made in conformity with a deed of trust upon lands is not affected with constructive notice of fraud by the omission of the trustee to comply with the provisions of C. S., 2594(a) in entering upon the margin of the record in the office of the register of deeds the fact and date of foreclosure, the person to whom sold, etc., nor by the failure of the trustee to comply with C. S., 2594(b) requiring that he file in the clerk's office a statement of receipts and disbursements of all funds coming into his hands by reason of the sale, for although the failure of the trustee to perform these duties constitutes irregularity in the foreclosure proceedings, the performance of these duties not being required until after the sale, the failure to perform them cannot affect the title of the purchaser unless he has notice of fraud.

3. **Mortgages H m—Innocent purchaser for value without notice acquires good title unaffected by fraud in prior foreclosure sale.**

Where an officer of a real estate corporation acts for the corporation in foreclosing a deed of trust in which the corporation is trustee, and at the sale the land is bid in by an employee of the corporation who does not pay any part of the purchase price, and who afterwards transfers the land to another who gives a deed of trust to the corporation to secure the balance of the purchase price: *Held*, upon the foreclosure of the second deed of trust, the purchaser at the sale, being an innocent purchaser for value, acquires a good title unaffected by the fraud in the foreclosure of the first deed of trust and ·free from the claims of the *cestui que trust* therein: and, *held further*, knowledge of the fraud committed by the officer of the trustee corporation will not be imputed to another corporation lending money for the payment of part of the purchase price to the purchaser at the last sale, although the officer was also an officer of the lending corporation, the fraud being committed in the interests of the trustee corporation and against the interests of the lending corporation.

4. **Principal and Agent C c—Corporation held not to have imputed knowledge of fraud committed by its officer in interests of another corporation.**

Where an officer and director of one corporation deals with another corporation of which he is also an officer and director, knowledge of fraud committed by him in the interests of the former corporation will not be imputed to the latter corporation.

APPEAL by defendants, Frank A. Hayes and his wife, Blanche D. Hayes, and Alamance Home Builders Association, from *Grady, J.,* at September Term, 1930, of ALAMANCE. Reversed.

This is an action (1) to recover of the defendants, J. C. Squires and his wife, Lula N. Squires, the sum of $2,500, the amount of certain

bonds executed by said defendants and owned by plaintiff at the date of the commencement of the action; (2) for judgment that plaintiff has a first lien on the land described in the complaint for the sum of $2,500, with interest thereon from 4 May, 1928, by virtue of a deed of trust executed by the said J. C. Squires and his wife, Lula N. Squires, to the defendant, Alamance Insurance and Real Estate Company, trustee, to secure the payment of said bonds; and (3) for judgment and decree that certain deeds and deeds of trust referred to in the complaint, under which the defendants, Blanche D. Hayes, wife of Frank A. Hayes, and Alamance Home Builders Association claim title to said land, upon facts alleged in the complaint, are null and void.

Under and by virtue of the deeds and deeds of trust alleged in the complaint to be null and void, the defendants, Blanche D. Hayes, and Alamance Home Builders, claim title to the land described in the complaint as against the plaintiff under a foreclosure of the deed of trust from J. C. Squires and his wife, Lula N. Squires, to the Alamance Insurance and Real Estate Company, trustee. The said defendants deny the allegations in the complaint on which the plaintiff contends that the foreclosure of said deed of trust was void. They allege that by virtue of said foreclosure and of the deeds and deeds of trust referred to in the complaint, they have a good title to said land, free from any lien thereon in favor of the plaintiff by virtue of the deed of trust by which the bonds owned by plaintiff were secured.

The action was heard on the report of the referee, to whom it had been referred for trial, by the judge holding the Superior Courts of Alamance County, at September Term, 1930. Plaintiff duly excepted to certain findings of fact and conclusions of law set out in said report. At the hearing the judge approved and confirmed the findings of fact, numbered 1 to 16, inclusive, which are substantially as follows:

On 4 May, 1923, the defendants, J. C. Squires and his wife, Lula N. Squires, for the purpose of securing the payment of certain bonds executed by said defendants, conveyed the land described in the complaint to the defendant, Alamance Insurance and Real Estate Company, trustee, by a deed of trust. This deed was duly recorded in Alamance County. Thereafter the plaintiff purchased five of the bonds secured by deed of trust, aggregating in amount the sum of $2,500. These bonds were dated 4 May, 1923, and were due and payable on 4 May, 1924.

It is provided in the deed of trust by which said bonds were secured, that upon default in their payment at maturity, the trustee, without being first called on to do so by the holder of said bonds, may sell the land described therein under the power of sale contained therein, and thereby foreclose the deed of trust.

Upon default in the payment of said bonds, the Alamance Insurance and Real Estate Company, trustee, without the knowledge of plaintiff, advertised the land described in the deed of trust for sale. After several sales, conducted in strict compliance with the terms of the power of sale contained therein, each sale being followed by an increased bid for said land, the said trustee sold said land on 24 July, 1925, to the defendant, G. C. Somers, who was the last and highest bidder at said sale. The several sales, and increased bids, were duly reported by the trustee to the clerk of the Superior Court of Alamance County. No order was made by said clerk of the Superior Court, confirming the sale of the land to the purchaser, G. C. Somers, or directing the trustee to convey the land to him, upon his payment to the trustee of the amount of his bid.

Pursuant to said sale, the Alamance Insurance and Real Estate Company, trustee, on 7 August, 1925, executed and delivered to the defendant, G. C. Somers, a deed by which the land described in the complaint was conveyed to him. At the date of said sale, and at the date of said deed, the said G. C. Somers, was an employee of the defendant, Alamance Insurance and Real Estate Company. He purchased the land at the sale on 24 July, 1925, at the request of the Alamance Insurance and Real Estate Company, but paid no money or other thing of value to said company, as trustee or otherwise, at the date of the execution and delivery to him of the deed. This deed was duly recorded in Alamance County, on 10 August, 1925. No entry was made on the record in the office of the register of deeds of Alamance County showing that the deed of trust from J. C. Squires and his wife, Lula N. Squires to Alamance Insurance and Real Estate Company, trustee, had been foreclosed by sale of the land described therein until 24 January, 1928, when such entry was made by an attorney for the Alamance Insurance and Real Estate Company.

On 8 August, 1925, at the request of the Alamance Insurance and Real Estate Company, the defendant, G. C. Somers, conveyed the land described in the complaint to the defendant, Frank A. Hayes, by deed which was duly recorded. The purchase price for said land was paid by the said Frank A. Hayes to the Alamance Insurance and Real Estate Company. The said purchase price was paid partly in money, and partly by bonds executed by the purchaser, and secured by deed of trust to the Alamance Insurance and Real Estate Company, executed by him and his wife. This deed of trust, which was duly recorded, was subsequently foreclosed by sale of the land described therein on 11 April, 1928. At this sale the defendant, Blanche D. Hayes, was the last and highest bidder for said land in the sum of $7,000. The Alamance Insurance and Real Estate Company, as trustee, conveyed the land

described in the deed of trust to the defendant, Blanche D. Hayes, by deed which was duly recorded. She paid on the purchase price for said land the sum of $5,000, which was loaned to her by the defendant, Alamance Home Builders Association. This loan was secured by bonds executed by the defendants, Blanche D. Hayes and her husband, Frank A. Hayes, and by deed of trust by which the land was conveyed to the defendant, W. E. Sharpe, trustee. This deed of trust was duly recorded. The balance of the purchase price for the said land was paid by bonds in the sum of $2,000, executed by the defendants, Blanche D. Hayes and her husband, Frank A. Hayes, and secured by a deed of trust to the Alamance Insurance and Real Estate Company, which was recorded subsequent to the deed of trust to W. E. Sharpe, trustee.

The bonds executed by the defendants, Blanche D. Hayes and her husband, Frank A. Hayes, and payable to the defendant, Alamance Home Builders Association, are now past due, and unpaid.

The bonds executed by the defendants, J. C. Squires and his wife, Lula N. Squires, and now owned by the plaintiff, were due and payable on 4 May, 1924. They have not been paid. The interest on said bonds has been paid to 4 May, 1928.

The defendant, Alamance Insurance and Real Estate Company, the trustee in the deed of trust by which the bonds owned by plaintiff were secured, is now insolvent; the defendant, John M. Coble, has been appointed and is now acting as the receiver of said company.

At the date of the foreclosure of the deed of trust from J. C. Squires and his wife, Lula N. Squires, to the Alamance Insurance and Real Estate Company, trustee, by sale of the land described therein, to wit, 24 July, 1925, the defendant, W. E. Sharpe, was the vice-president and general manager of said company. As such officer of said company, the said W. E. Sharpe directed and controlled, for said company, as trustee, the said foreclosure, and the execution of the deed by which the land described in said deed of trust was conveyed to the defendant, G. C. Somers. He continued as vice-president and general manager of said company until the execution by said company as trustee of the deed for said land to the defendant, Blanche D. Hayes. He was acting as such officer at the date of the execution of the deed of trust from Blanche D. Hayes and her husband, Frank A. Hayes to him, as trustee, to secure the payment of the bonds for the sum of $5,000, payable to and now owned by the defendant, Alamance Home Builders Association. At the time the Alamance Insurance and Real Estate Company received from the defendants, Blanche D. Hayes and her husband, Frank D. Hayes, the proceeds of the loan made to them, to wit, the sum of $5,000, to be applied as a payment on the purchase price of the land conveyed to the defendant, Blanche D. Hayes, by the Alamance

Insurance and Real Estate Company, trustee, the said W. E. Sharpe was vice-president and general manager of the last named company. In all the transactions, with respect to the land described in the complaint, to which the Alamance Insurance and Real Estate Company was a party, beginning with the foreclosure of the deed of trust from J. C. Squires and his wife to said company as trustee, on 24 July, 1925, and ending with the receipt by said company of the proceeds of the loan made to the defendants, Blanche D. Hayes and her husband, by the defendant, Alamance Home Builders Association, on 11 April, 1928, the defendant, W. E. Sharpe, as its vice-president and general manager, represented and acted for the said Alamance Insurance and Real Estate Company.

At the date of the application by the defendants, Blanche D. Hayes and her husband, Frank A. Hayes, to the defendant, Alamance Home Builders Association, for a loan of the sum of $5,000, to be applied as a payment on the purchase price of the land sold to the said Blanche D. Hayes by the Alamance Insurance and Real Estate Company, as trustee, the defendant, W. E. Sharpe, was the secretary and general manager of the Alamance Home Builders Association. He was also a director of both the Alamance Insurance and Real Estate Company and of the Alamance Home Builders Association. The two corporations occupied the same offices, and were under the general control and management of the said W. E. Sharpe. Directors of one corporation were also directors of the other corporation. The application of the defendants, Blanche D. Hayes and Frank A. Hayes to the defendant, Alamance Home Builders Association was made upon the suggestion and upon the advice of the said W. E. Sharpe, who was at the date of said application, an officer of both the Alamance Home Builders Association and of the Alamance Insurance and Real Estate Company.

The application was first made for a loan of $7,000, the full amount of the purchase price of the land sold by the Alamance Insurance and Real Estate Company, trustee, to the defendant, Blanche D. Hayes. The application was referred to the loan and inspection committee of the defendant association. The amount of the loan applied for was reduced from $7,000 to $5,000, at the suggestion of the committee. The application for a loan of the larger amount was disapproved by the committee. The loan for the smaller amount was approved and was thereupon made. The bonds executed by the defendants, Blanche D. Hayes and her husband, Frank A. Hayes, for the sum of $5,000, were secured by a deed of trust on the land to the defendant, W. E. Sharpe, as trustee.

The foregoing are the facts found by the referee, as appears from his findings Nos. 1 to 16, inclusive.

Finding of fact No. 17, set out in the report of the referee, is as follows:

"17. That the defendants, Frank A. Hayes and Blanche D. Hayes in turn acquired title to said property without any actual knowledge of any irregularities in the title of their predecessors, and that the defendant, Alamance Home Builders Association, made the loan herein referred to without any actual knowledge of such irregularities."

On his finding of fact, the referee concluded that the irregularities shown on the record in the foreclosure of the deed of trust from J. C. Squires and wife, Lula N. Squires, to Alamance Insurance and Real Estate Company, trustee, by sale of the land described therein to C. G. Somers, did not invalidate said foreclosure, that the deed for said land to the defendant, G. C. Somers, was not void, for the reason that he was an employee of the Alamance Insurance and Real Estate Company, but at most was only voidable for that reason, and that the knowledge of G. E. Sharpe, as an officer of the Alamance Insurance and Real Estate Company, that the bonds owned by plaintiff had not been paid out of the proceeds of the sale of the land by the trustee, was not imputed to the Alamance Home Builders Association, by reason of the fact that said W. E. Sharpe was vice-president and general manager of the Alamance Insurance and Real Estate Company and also secretary and treasurer, and general manager of the Alamance Home Builders Association at the time the latter corporation made the loan to the defendants, Blanche D. Hayes and Frank A. Hayes, the proceeds of which were paid by them to the Alamance Insurance and Real Estate Company.

In accordance with his findings of fact and conclusions of law, set out in his report, the referee concluded "that judgment should be rendered in favor of the plaintiff and against the defendants, Lula N. Squires and John M. Coble, receiver as aforesaid, in the sum of $2,500, with interest from 4 May, 1928, until paid, at the rate of 6 per cent per annum, that the restraining order heretofore issued be dissolved, that the action be dismissed for lack of service as to the defendant, J. C. Squires, that the remaining defendants go without day and that the costs of the action be taxed against the plaintiff."

At the hearing by the judge of plaintiff's exceptions to the findings of fact and conclusions of law set out in the referee's report, the finding of fact No. 17 was disapproved in part, and upon the evidence offered the court found as a fact that the Alamance Home Builders Association, one of the defendants, had constructive notice of the irregularities and fraud practiced by W. E. Sharpe, in respect to the matters and things referred to in the complaint and in the findings by the referee; and the court further found as a fact and as a matter of law, that said

Alamance Home Builders Association is not an innocent purchaser of the notes made by Frank A. Hayes and wife, referred to in the fourteenth finding of fact, and secured by the deed of trust to W. E. Sharpe, trustee, as stated in the thirteenth finding of fact.

On the facts found by the referee and approved by the judge, as well as on the facts found by the judge upon his disapproval in part of finding No. 17, judgment was rendered that plaintiff recover of the defendants, J. C. Squires and his wife, Lula N. Squires, John M. Coble, receiver of the Alamance Insurance and Real Estate Company, and W. E. Sharpe, the sum of $2,500, with interest from 4 May, 1928, together with the costs of the action, and that plaintiff has a first lien on the land described in the complaint for the amount of said judgment. There was a decree that said land be sold by a commissioner, appointed by the court, and that the proceeds of said sale be applied first to the payment of plaintiff's judgment, and that the balance, if any, be paid to the defendant, Alamance Home Builders Association.

From this judgment and decree the defendants, Mrs. Blanche D. Hayes and her husband, Frank A. Hayes, and the Alamance Home Builders Association appealed to the Supreme Court.

*E. A. Woltz, J. Dolph Long and Roberson & Abbott for plaintiff.*
*Cooper A. Hall, M. C. Terrell and J. A. Bailey for defendants.*

CONNOR, J. The failure of the clerk of the Superior Court of Alamance County to make and enter on the records in his office an order directed to the Alamance Insurance and Real Estate Company, trustee, requiring said trustee to execute and deliver to the defendant, G. C. Somers, the purchaser at the final sale of the land described in the deed of trust from the defendants, J. C. Squires and his wife, Lula N. Squires, to said trustee, upon his compliance with his bid at said sale, was admittedly an irregularity appearing on the public records of Alamance County and affecting the title to the land described in the complaint. C. S., 2591. The order required by the statute is, however, merely ministerial in its nature, and its omission, when in fact the trustee has, after the expiration of ten days from the date of the sale, and after complying with all the terms of the power of sale contained in the deed of trust, made title to the purchaser, does not invalidate the foreclosure, or render the title acquired by the purchaser as grantee in the deed of the trustee void, solely for that reason. *Lawrence v. Beck,* 185 N. C., 196, 116 S. E., 424.

It is required by statute in this State that a trustee who has foreclosed a deed of trust by the exercise of the power of sale contained therein, shall enter on the margin of the record of the deed of trust in

the office of the register of deeds, the fact of such foreclosure, and the date when, and the person to whom a conveyance was made of the land sold by the trustee by reason of the foreclosure. C. S., 2594(a). The trustee is also required by statute to file an account with the clerk of the Superior Court of the county in which the land lies, showing his receipt and disbursement of all funds which have come into his hands by reason of the sale of the land made by him under the power of sale. C. S., 2594(b). The failure of the trustee to comply with either of these statutes is an irregularity, but as there can be no compliance, until after the sale has been completed, and the purchase money paid to the trustee by the purchaser, such irregularity cannot ordinarily be held to affect the validity of the foreclosure, or to render the title acquired by the deed of the trustee void. The title of a subsequent purchaser of the land, claiming under a deed from the trustee to the purchaser at the foreclosure sale, who has paid value for the land, and who was without actual knowledge of any fraud on the part of the trustee, which would have invalidated the foreclosure, is not void, because such purchaser had constructive notice from the records that the clerk of the Superior Court had failed to perform a merely ministerial duty required by C. S., 2591, or that the trustee had failed to comply with the requirements of C. S., 2594(a) or of C. S., 2594(b). The irregularities in the instant case, as shown by the record, did not prejudice the plaintiff. *Wise v. Short,* 181 N. C., 320, 107 S. E., 134.

The fact found by the referee that neither Frank A. Hayes, nor his wife, Blanche D. Hayes, nor the defendant, Alamance Home Builders Association, had actual knowledge that the trustee had failed to pay the bonds owned by plaintiff out of the proceeds of the sale, was also found by the judge. Indeed there was no evidence to the contrary. The judge concluded as a matter of law that by reason of the relation of the defendant, W. E. Sharpe, to both the Alamance Insurance and Real Estate Company and the Alamance Home Builders Association, the knowledge of the said defendant, which he had acquired as an officer of the Alamance Insurance and Real Estate Company, was imputed to the Alamance Home Builders Association. No facts, however, were found upon which such knowledge was imputed either to Frank A. Hayes or to Blanche D. Hayes. The finding by the referee that both these defendants were purchasers for value, without notice that the trustee had failed to pay the bonds owned by plaintiff, was approved by the judge. It is, therefore, immaterial whether or not the Alamance Home Builders Association had notice, actual or constructive, of the fact that the bonds had not been paid. In *Phillips v. Lumber Co.,* 151 N. C., 519, 66 S. E., 603, it is said: "Besides, a purchaser for value from one whose deed was procured by fraud gets a good title if he has

no notice of the fraud. *Odom v. Riddick,* 104 N. C., 515, 10 S. E., 609, and cases there cited. Even a purchaser with notice of the fraud from an innocent purchaser without notice gets a good title. *Glenn v. Bank,* 70 N. C., 205; *Fowler v. Poor,* 93 N. C., 466." This statement of the law by *Clark, C. J.,* is quoted and approved by *Clarkson, J.,* in *Duncan v. Gulley,* 199 N. C., 552, 155 S. E., 244.

The knowledge which the defendant, W. E. Sharpe, had of the fact that the Alamance Insurance and Real Estate Company, as trustee, had failed to pay the bonds secured by the deed of trust from J. C. Squires and his wife, Lula N. Squires, and owned by the plaintiff, was acquired by him while acting as an officer of said trustee. It was not acquired by him while acting as an officer of the Alamance Home Builders Association. This knowledge was therefore not imputed to the latter corporation. There was no finding of fact in the instant case by the referee or by the judge that the defendant, W. E. Sharpe, acted for or represented the latter corporation in considering the application for or in making the loan of $5,000 to the defendant, Blanche D. Hayes. As it was to the interest of the Alamance Insurance and Real Estate Company that the loan should be made, it is not to be presumed that W. E. Sharpe, acting for and representing said corporation, informed the Alamance Home Builders Association of any facts within his knowledge, which affected adversely the title of Blanche D. Hayes. The law applicable to this phase of the case has been stated as follows:

"When there are dealings between two corporations, or between a corporation and an individual through the intervention of a common officer or agent, the question whether the corporation is to be charged with notice of what is known to the agent by virtue of his relation to the other corporation, or to the other party, depends upon the circumstances of each case; if under the circumstances it is his duty to communicate such knowledge, the corporation to which he owes such duty will be chargeable with his knowledge; but, of course, this does not apply to knowledge which he is under no duty to disclose, or which is in the nature of a confidential communication which he is not at liberty to disclose to the corporation; or where the common agent, while so acting, commits a fraud on one of the parties, in which case a knowledge of the fraud will not be imputed to the defrauded party, since it would be contrary to experience to presume that the defrauding agent would communicate it, although it may be imputed to the party who obtains the benefit of the fraud." 14a C. J., 491, sec. 2359(2).

As said by *Brown, J.,* in *Brite v. Penny,* 157 N. C., 110, 72 S. E., 964, this Court recognizes the doctrine held by all courts, that a corporation is not bound by the action or chargeable with the knowledge of its officers, with respect to a transaction, in which such officer is acting

in his own behalf or in the behalf of another corporation of which he is also an officer. Only that knowledge which its officer acquires while acting in its behalf, and which it is his duty to communicate to it, is imputed by the law to a corporation.

The judgment in the instant case in so far as it is adjudged and decreed therein that plaintiff has a first lien on the land described in the complaint, to be first satisfied and discharged out of the proceeds of the sale of the land by the commissioner appointed therein, is reversed. The action is remanded to the Superior Court of Alamance County that judgment may be entered in accordance with the report of the referee and with this opinion.

Reversed.