JOHN W. HUFF, INDIVIDUALLY AND AS EXECUTOR FOR THE ESTATE OF ESLIE HOLTON HUFF v. TRENT ACADEMY OF BASIC EDUCATION INC., AND JAMES PADEN, JOHN C. TAYLOE, COOPER KUNKEL, JAMES EARL JONES AND WALTER JONES, D/B/A TRENT ASSOCIATES, A GENERAL PARTNERSHIP v. JAMES G. HUFF

No. 803SC660

(Filed 7 July 1981)

**Assignments § 1; Quasi Contracts and Restitution § 5— payment of funds embezzled by relative—directed verdict for defendant improper**

In an action for restitution the trial court erred in directing verdict for defendant where the evidence tended to show that a person who was the

brother and son of plaintiffs embezzled money from a bank and put the money in the account of defendant school; the money was used to construct buildings on the school property; the bank demanded of defendant school that the money be returned; this demand was refused; the U.S. Fidelity and Guaranty Company paid this sum to the bank and became subrogated to the rights of the bank against the school; plaintiffs paid U.S. Fidelity and Guaranty Company the sum allegedly embezzled, and U.S. Fidelity and Guaranty assigned all its rights in the claim against the school to plaintiffs; defendants were on notice as to plaintiffs' claim; although the school might have been an innocent party to the transaction in question, it was unjustly enriched at the expense of the bank, and it would be inequitable to allow it to retain the funds in question; and the fact that plaintiffs might have been volunteers did not affect their rights as assignees.

APPEAL by plaintiffs from *Strickland, Judge.* Judgment entered 27 February 1980 in Superior Court, CRAVEN County. Heard in the Court of Appeals 4 February 1981.

This is an action based on a claim for restitution in which the plaintiffs prayed for a judgment in the amount of $59,947.50 and that a trust or lien be impressed on certain property owned by the defendants. The defendants filed an answer in which they denied the material allegations of the complaint. The defendants also joined James G. Huff as a third party defendant and asserted a third party claim against him based on alleged fraudulent transfers of property. The third party claim was severed for purpose of trial and is not involved in this appeal. The action was originally filed on 7 May 1975 against Trent Academy of Basic Education, Inc. (Academy). A notice of lis pendens was filed on 17 June 1975. On 18 November 1977 the property of the Academy was sold at public auction under an order of foreclosure on a deed of trust to First Citizens Bank and Trust Company. The deed of trust had been recorded on 15 November 1974. The individual defendants purchased the property at this sale and were then made parties to the action.

The plaintiffs' evidence showed that from January 1970 until July 1972, James Huff was executive vice president of the Bank of New Bern (Bank) and treasurer of the Academy. During that period he fraudulently transferred funds of the Bank to the Academy. James Huff testified:

"I was in charge of the fund raising activity at the time. We were in a building program, Trent Academy, at that time.

As to what extent was the fund raising successful, we just never raised enough money to do, to build a building and that's why this thing happened. We kept expecting it to come in and come in, promises of donations but they never came in like we had hoped for. As to what 'thing' I am referring to, when I had to start transferring money from the Bank of New Bern to Trent Academy because the contributions which we hoped for did not come in. We had thought that we would get enough contributions that we could build this building, and when they did not come in, that's when it started to happening."

On 3 October 1972 the Bank demanded of the Academy that this money be returned to the Bank. This demand was refused. The United States Fidelity and Guaranty Company (U.S.F. & G.) paid this sum to the Bank and became subrogated to the rights of the Bank against the Academy. James Huff pled guilty to embezzlement in the United States District Court for the Eastern District of North Carolina. John W. Huff and Eslie Holton Huff, who were the mother and brother of James Huff, paid U.S.F. & G. $59,947.50 and on 1 June 1973, U.S.F. & G. assigned all its rights in the claim against the Academy to John W. Huff and Eslie Holton Huff. U.S.F. & G. released James Huff from any claim it had against him.

At the close of plaintiffs' evidence, the defendants' motion for a directed verdict was allowed. Plaintiffs appealed.

*Sanford, Adams, McCullough and Beard, by E. D. Gaskins, Jr., and Charles C. Meeker, for plaintiff appellants.*

*Dunn and Dunn, by Raymond E. Dunn and Raymond E. Dunn, Jr. for defendant appellees.*

WEBB, Judge.

We hold it was error to grant the defendants' motion for a directed verdict. In the light most favorable to the plaintiffs the evidence shows that James Huff embezzled $59,947.50 from the Bank and deposited the money in the account of the Academy. Although the Academy might have been an innocent party to the transaction, it was unjustly enriched at the expense of the Bank, and it would be inequitable to allow it to retain these funds. *See*

*American Surety Co. v. Baker,* 172 F. 2d 689 (4th Cir. 1949); *Allgood v. Trust Co.,* 242 N.C. 506, 88 S.E. 2d 825 (1955); *Cheek v. Squires,* 200 N.C. 661, 158 S.E. 198 (1931). The claim was assignable. *See Amusement Company v. Tarkington,* 247 N.C. 444, 101 S.E. 2d 398 (1958); *Allgood v. Trust Co., supra; Cheek v. Squires, supra;* and *Railroad v. Railroad,* 147 N.C. 368, 61 S.E. 185 (1908). The defendants contend the claim was not assignable because the plaintiffs were volunteers, that the claim was extinguished when John Huff and Eslie Holton Huff paid U.S.F. & G. and that any attempted assignment was void as being against public policy. We do not believe the fact that John Huff and Eslie Holton Huff may have been volunteers affects their rights as assignees. When they paid U.S.F. & G. the evidence showed the claim was not cancelled but assigned to them. The appellees have cited no cases and we can find none that hold the assignment is against public policy. They have cited cases which hold that assignments for the purpose of bringing a law suit with the assignor and assignee to share in the proceeds are champertous and will not be allowed. That is clearly not the situation in the case sub judice. For a discussion of what claims are assignable, *see* 6 Am. Jur. 2d *Assignments* § 29 (1963) and 6A C.J.S. *Assignments* § 35 (1975).

The testimony of James Huff was to the effect that he embezzled the money from the Bank because the building program at the Academy was not sufficient for the construction of buildings on the Academy's property. The jury could conclude from this that the embezzled funds were used to construct buildings on the property of Trent Academy. If the jury should so find, the plaintiffs would be entitled to have a constructive trust impressed on the property. *See Peoples National Bank v. Waggoner,* 185 N.C. 297, 117 S.E. 6 (1923) and Dobbs, *Remedies,* Ch. 4 (1973). The evidence was that a notice of lis pendens had been filed at the time the individual defendants purchased the property. This put them on notice as to the plaintiffs' claim. G.S. 1-118.

We believe there was evidence in this case from which the jury could find that James Huff embezzled money from the Bank and put the money in the account of the Academy; that the money was used to construct buildings on the Academy's property; that U.S.F. & G. paid the Bank and was subrogated to the Bank's claim; that John Huff and Eslie Holton Huff paid U.S.F. &

G. and took an assignment of the claim from them; and that the defendants were on notice as to the plaintiffs' claim. If the jury should so find the facts, the plaintiffs would be entitled to a judgment impressing a constructive trust on the property of the defendants for their claim.

We note that in their answer the individual defendants alleged they took a fee simple title when the property was sold under the deed of trust which had been given to First Citizens Bank and Trust Company. The question of the plaintiffs' claim for a constructive trust being cut off by the sale under the deed of trust which was recorded prior to the filing of the notice of lis pendens was not discussed by the parties in their briefs, and we do not go into that question in this opinion. The record does not disclose what was done with the surplus from the sale, but we assume it was paid into the office of the clerk of superior court pursuant to G.S. 45-21.31, and if the plaintiffs are successful, they may have a constructive trust imposed on this fund. The parties have also not raised any question as to whether the individual defendants allowed the foreclosure in order to cut off the plaintiffs' claim. *See Paccar Financial Corp. v. Harnett Transfer*, 51 N.C. App. 1, 275 S.E. 2d 243 (1981). We do not pass on this question.

Reversed and remanded.

Judges MARTIN (Harry C.) and WHICHARD concur.