STATE OF NORTH CAROLINA v. JAMES FRANKLIN McLELLAN

No. 8116SC853

(Filed 16 February 1982)

1. **Criminal Law § 89; Witnesses § 1.3— interpreter of testimony—relative of victim**

   The trial court did not abuse its discretion in appointing a relative of a robbery victim to interpret the victim's testimony. The victim had suffered an injury when he was young which made it difficult for him to pronounce clearly certain words. His half sister, who was familiar with the victim's speech impediment, was properly appointed to interpret as there was no evidence presented as to specific prejudices she may have had, and she was used only when an attorney, defendant or juror indicated an inability to understand.

2. **Criminal Law § 113.1— incorrect summary of evidence—no prejudice**

   An error in the court's charge, where it incorrectly stated that defendant, rather than another man, had received a wallet and checkbook from the victim, was not prejudicial as in the same sentence the court correctly summarized that another man went through the victim's pockets, taking his wallet and checkbook, and as the charge as a whole was correct.

APPEAL by defendant from *Brewer, Judge.* Judgment entered 3 March 1981 in Superior Court. ROBESON County. Heard in the Court of Appeals 1 February 1982.

Defendant was convicted of armed robbery. Judgment imposing a prison sentence was entered.

*Attorney General Edmisten, by Assistant Attorney General Harry H. Harkins, Jr., for the State.*

*Appellate Defender Project for North Carolina, by Assistant Appellate Defender Marc D. Towler, for defendant appellant.*

VAUGHN, Judge.

Defendant brings forward two assignments of error, neither of which discloses prejudicial error.

[1]  Defendant first argues the trial court abused its discretion in appointing a relative of the robbery victim to interpret his testimony. We disagree.

A court has the inherent authority to appoint an interpreter for the proper transaction of its business. *Wise v. Short*, 181 N.C. 320, 322, 107 S.E. 134, 136 (1921). Because of the possibility of inadvertent distortion of testimony, however, an interpreter should not be appointed unless necessary. Such necessity arises when the witness's normal method of communication is unintelligible to those in the courtroom.

In *Wise v. Short, supra*, the Supreme Court upheld a court's appointment of an interpreter to translate a holographic will written in the Syrian language. G.S. Chap. 8B details the procedure for the appointment of an interpreter for deaf persons. The decision of whether an interpreter is warranted in a particular case is a decision within the trial judge's discretion. It will not be reviewed absent a showing of abuse of discretion. *Kley v. Abell*, 483 S.W. 2d 625 (Mo. App. 1972); *State in Interest of R.R.*, 79 N.J. 97, 398 A. 2d 76 (1979).

Before trial in the present cause, the State presented evidence that Billy Ray Joyner, the 49-year-old victim of the alleged robbery, had a speech disability caused by a childhood accident. Carolyn Martin, Mr. Joyner's half sister, testified that his lower jawbone had been injured and there were certain words he could not pronounce. At the close of the *voir dire*, the court concluded that at times during the victim's testimony, an interpreter may be necessary. In light of the court's instruction that Mr. Joyner's testimony should be interpreted only when an attorney, defendant or juror indicated an inability to understand, we conclude the court was well within its discretion in appointing an interpreter. *See generally State in Interest of R.R., supra*.

The next question is whether the court abused its discretion in its selection of the interpreter. Any qualified person may be appointed and act as an interpreter. *Wise v. Short*, 181 N.C. 320, · 322, 107 S.E. 134, 136 (1921). Defendant argues that the court

erred in finding Carolyn Martin qualified because she is a relative of Billy Ray Joyner. Defendant contends that the judge should have appointed either an impartial interpreter or no interpreter at all.

When an interpreter is appointed, it is vital that he act impersonally—repeating the witness's testimony without embellishment or deletion. For that reason, we recognize that whenever possible, a disinterested interpreter should be appointed. Annot., 6 A.L.R. 4th 158 (1981). There are situations, however, when the "disability" of a witness is such that a disinterested interpreter would be of little assistance to the court. In cases like the present one, where the witness cannot speak clearly because of a speech impediment, some familiarity with the witness may be necessary. Emphasizing the witness's distinctive speech patterns, reviewing courts in these cases have upheld the trial court's discretion in appointing as interpreter a friend or relative of the witness. *E.G.*, *Fairbanks v. Cowan*, 551 F. 2d 97 (6th Cir. 1977) (father appointed interpreter of sodomy victim who could only make gutteral sounds); *United States v. Addonizio*, 451 F. 2d 49 (3rd Cir. 1971), *cert. denied*, 405 U.S. 936, 92 S.Ct. 949, 30 L.Ed. 2d 812 (1972), *reh. denied*, 405 U.S. 1048, 92 S.Ct. 1309, 31 L.Ed. 2d 591 (1972) (wife appointed interpreter of witness who was unable to speak above a loud mumble); *Almon v. State*, 21 Ala. App. 466, 109 So. 371 (1926) (mother appointed interpreter of tongue-tied rape victim); *Renick v. Hays*, 201 Ky. 192, 256 S.W. 26 (1923) (daughter appointed interpreter of plaintiff with speech impediment).

In the present case, the prosecuting witness had suffered an injury when he was six years old which made it difficult for him to pronounce clearly certain words. His half sister testified that she had known and communicated with him since childhood and was able to understand him better than most people. Defendant's attorney had an opportunity to cross-examine Carolyn Martin outside the presence of the jury. *Compare with Kley v. Abell*, 483 S.W. 2d 625 (Mo. App. 1972). There was no evidence presented as to any specific prejudice she may have had. Since the State did not plan to call her as a primary witness, the potential for her improperly using the interpretation to corroborate her own testimony was not present. *Compare with State in Interest of R.R.*, 79 N.J. 97, 398 A. 2d 76 (1979). Defendant's attorney presented no argument opposing the State's tender of her as an

interpreter. In light of the foregoing, we conclude that the court's appointment of the victim's half sister as interpreter did not amount to an abuse of discretion.

We further note the lack of any events during the trial which would have warranted the removal of Carolyn Martin as interpreter. Questions were addressed directly to Joyner, the victim of the robbery. *See* Annot., 6 A.L.R. 4th 158 (1981). Mrs. Martin did not repeat his testimony unless the judge, an attorney, or a juror indicated that he did not understand what was said. Defendant's attorney did not object to her interpretation. No prejudice has been shown. *See generally Fairbanks v. Cowan, supra; Almon v. State, supra.* Defendant's assignment of error is overruled.

[2] Defendant's second assignment of error is that the court committed prejudicial error in its jury charge. We disagree.

Defendant and four other men were charged with the armed robbery of Billy Ray Joyner. Their cases were joined for trial. The State presented evidence that on 10 November 1980, the five codefendants picked up Joyner who was hitchhiking along Highway 41. Joyner sat in the backseat of the car between McLellan and defendant Brown. Defendants Riggins, Jones, and Williams were in the front seat. Joyner testified that after riding for about two blocks, McLellan pulled out a gun and placed it under his neck. Brown then reached into his pockets and took his checkbook and wallet. One of the individuals in the front seat reached back and took his watch. Thereafter, Joyner was thrown out of the car.

In summarizing the State's evidence, the court incorrectly stated that it was McLellan, rather than Brown, who had received the wallet and checkbook from the victim. Defendant argues that the misstatement was prejudicial because it improperly added credibility to the testimony of defendants Riggins, Jones, and Williams. These defendants had testified that they did not participate in the robbery; it was McLellan who had demanded the money. The only reason they later accepted some of Joyner's money from McLellan was because they were frightened by McLellan and his gun.

Defendant highlights an isolated portion of the court's jury instructions. The charge, however, must be construed contextual-

ly. *State v. Gaines*, 283 N.C. 33, 43, 194 S.E. 2d 839, 846 (1973). In the same sentence containing the misstatement of Joyner's testimony, the court correctly summarized that Andrew Brown went through Billy Joyner's pockets, taking his wallet and checkbook. We will not hold one portion prejudicial when the charge as a whole is correct. *Id.* Furthermore, defendant at trial failed to object to any of the submitted instructions. It is a general rule that objections to the judge's summary of the evidence must be made before the jury retires so that the court has an opportunity for correction. Failure to object is deemed a waiver. *State v. Hammonds*, 301 N.C. 713, 272 S.E. 2d 856 (1981). We overrule defendant's assignment of error.

No error.

Chief Judge MORRIS and Judge MARTIN (Harry C.) concur.