STATE OF NORTH CAROLINA, Plaintiff v. PAUL GUZMAN TADEJA, Defendant

No. COA07-1391

(Filed 5 August 2008)

## 1. Appeal and Error— assignment of error—necessity

The Court of Appeals did not review defendant's contentions regarding Miranda warnings in a prosecution for indecent liberties and sexual acts with a 13-year-old where defendant did not assign error to the trial court's findings or conclusions.

## 2. Evidence— prior bad acts—relevant to victim's delay in reporting

The trial court did not err in a prosecution for indecent liberties and sexual acts with a 13-year-old by admitting evidence of defendant's extra-marital affair where defendant told the victim that his wife had almost left him after discovering the affair. The evidence was relevant to the victim's delay in reporting defendant's actions.

## 3. Appeal and Error— preservation of issues—arguments not presented at trial

A defendant convicted of indecent liberties and sexual acts with a 13-year-old waived appellate review of contentions that some of the charges should have been dismissed where the arguments in his brief were not those he presented at trial.

## 4. Sexual Offenses— instructions—factual basis for guilt

There was no plain error in a conviction for sexual acts with a 13-year-old where the court's summary of the facts as to one charge was not the appropriate set of facts for guilt of that charge. There was evidence upon which the jury could properly find that defendant had committed a sexual act, the law was correctly stated to the jury, the instructions as a whole were correct, and the jury was admonished to personally determine the facts of the case.

## 5. Evidence— juvenile victim—sealed records—in camera review

The trial court did not err by denying disclosure of some of the sealed records of a 13-year-old victim of indecent liberties and sexual acts. After a thorough review of the records not supplied to defendant, the Court of Appeals agreed with

the trial court that they did not contain favorable or material evidence for defendant.

Appeal by defendant from judgments entered on or about 23 March 2007 by Judge Richard D. Boner in Superior Court, Lincoln County. Heard in the Court of Appeals 19 May 2008.

*Attorney General Roy A. Cooper, III by Assistant Attorney General Laura E. Crumpler, for the State.*

*Brian Michael Aus, for defendant-appellant.*

STROUD, Judge.

Defendant appeals from his convictions by a jury of four counts of engaging in a sexual act with a person of the age of 13 years and four counts of taking indecent liberties with a child. Defendant argues the trial court erred in (1) denying his motion to suppress, (2) allowing defendant's statements regarding an extra-marital affair into evidence, (3) failing to grant defendant's motions to dismiss two of the statutory sex offense charges, and (4) instructing the jury on sex offense and accepting the guilty verdict thereon. Defendant also "requests that this Court review sealed records for both favorable and material evidence." For the following reasons, we find no prejudicial error.

## I. Background

The State's evidence tended to show the following: Defendant, Ruby Tadeja ("Ms. Tadeja"), and their three sons lived next door to Jane.[1] Jane frequently visited defendant's home and Ms. Tadeja "dr[o]ve [Jane] to school, almost every day[.]"

During the summer of 2005, the relationship between defendant and Jane changed. At times, Jane would be at defendant's home when his wife was not present, and at one point defendant put his hands down Jane's pants and rubbed her vagina subsequently "insert[ing] his middle finger . . . about an inch." Defendant's behavior continued almost every time Jane came over. That summer defendant also placed his hands up Jane's shirt and fondled her breasts on at least two occasions.

Later during the summer, defendant took Jane to his room, "pulled [her] pants down, pulled his pants down [and] he rubbed his

---

1. To protect the identity of the victim, the pseudonym "Jane" will be used.

penis on [her] vagina and he tried to insert it but [she] told him to stop because it hurt." About three times that summer defendant engaged in activities with Jane while she was undressed. On other occasions defendant licked Jane's vagina. Defendant also showed Jane pornographic videos and web sites and told Jane "he wanted to do this stuff to [her]." Before Jane's birthday in October, defendant told her that he had two presents for her, "one to open in front of [her] mother and another would be a vibrator that [she] could keep in her room."

Until October 2005, Jane had concealed the interactions between herself and defendant because defendant told Jane that he would get into trouble and she knew she would no longer be able to see defendant's children if she reported defendant. Furthermore, defendant told Jane that he had sex with his former karate student who was also a babysitter and that his wife found out and almost left him. On 27 October 2005, Jane told her best friend, Kindra, that defendant was "messing" with her and she was tired of it.

On 9 December 2005, Kindra convinced Jane to see the guidance counselor at school, Carol Porter ("Ms. Porter"), and to report defendant's actions. Ms. Porter called Jane's mother and later submitted a report to the Sheriff's Department. Detective Sally Dellinger ("Detective Dellinger"), was assigned to the case.

4. On December 16, 2005, officers of the Lincoln County Sheriff's Department went to the La-Z-Boy factory in Lincolnton, North Carolina, to serve an arrest warrant on the defendant, an employee at the factory.

5. The defendant was called to the front lobby of the factory where he was taken into custody. The defendant was placed in handcuffs and shackles.

6. Before leaving the factory, the defendant was asked to sign a waiver of his Miranda Rights. . . .

7. The rights were read to the Defendant by Detective Sally Dellinger. The defendant signed the Waiver of Rights form and placed his initials beside each of the rights on the form.

8. The defendant was transported to the Lincoln County Sheriff's Department where he was interviewed by Detective Dellinger in her office. The defendant was arrested at 2:00 p.m. and the interview began at approximately twenty-five minutes later at 2:25 p.m.

9. While the defendant was in Detective Dellinger's officer, he was not in handcuffs or otherwise restrained. The door to Detective Dellinger's office was open.

10. Following the interview, the defendant was presented a written statement which he signed. . . .

11. The interview between Detective Dellinger and the defendant lasted approximately one hour. During the interview, the defendant did not request that he be permitted to consult an attorney.

12. No threats or promises were made to the defendant to induce his execution of the written statement.

13. Although the defendant's wife was at the Sheriff's Department during the interview, the defendant was not permitted to speak with her.

14. On December 16, 2005, officers at Lincoln County Sheriff's Department executed a Search Warrant at the defendant's residence. Prior to the execution of the Search Warrant, the defendant provided Detective Dellinger with a diagram of his residence showing the location of various items which the Sheriff's officers were attempting to seize during the search. . . .[2]

On or about 17 January 2006, defendant was indicted. Trial began on 20 March 2007. The jury found defendant guilty of four counts of engaging in a sexual act with a person of the age of 13 years and four counts of taking indecent liberties with a child. Defendant was sentenced concurrently to 240 to 297 months imprisonment for each of the four counts of statutory rape and 16 to 20 months imprisonment for each of the four counts of indecent liberties with a child. Defendant appeals, arguing the trial court erred in (1) denying his motion to suppress, (2) allowing defendant's statements regarding an extra-marital affair into evidence, (3) failing to grant defendant's motions to dismiss two of the statutory sex offense charges, and (4) instructing the jury on sex offense and accepting the guilty verdict thereon. Defendant also "requests that this Court review sealed

_____

2. After his arrest defendant filed a motion to suppress his statement. On 22 March 2007, this motion was denied in a detailed order setting forth several findings of fact. Several of those findings of fact are quoted *supra* and as defendant did not assign error to them, the findings are conclusive upon this appeal. *See e.g., State v. Campbell,* 188 N.C. App. 701, 704, 656 S.E.2d 721, 724 (2008) ("[F]indings of fact to which defendant failed to assign error are binding on appeal." (citation omitted)).

records for both favorable and material evidence." For the following reasons, we find no prejudicial error.

## II. Motion to Suppress

**[1]** Defendant first argues that "the trial court erred in denying . . . [his] motion to suppress his statements to law enforcement and by allowing their subsequent admission into evidence." Defendant claims his "*Miranda* Waiver Was Not Knowingly and Intelligently Made[,]" and even "If . . . [his] *Miranda* Waiver is Deemed to Have Been Knowingly and Intelligently Made, The Waiver was Stale By the Time He Made Any Inculpatory Statements." Defendant contends the statements should have been excluded, and thus he should be granted a new trial. We disagree.

"The standard of review to determine whether a trial court properly denied a motion to suppress is whether the trial court's findings of fact are supported by the evidence and whether the findings of fact support the conclusions of law." *State v. Young*, 186 N.C. App. 343, 347, 651 S.E.2d 576, 579 (2007) (citation and internal quotation marks omitted), *appeal dismissed*, 362 N.C. 372, — S.E.2d — (2008). As our Supreme Court stated in *State v. Cheek*,

> In this assignment of error, defendant has failed to specifically except to any of the trial court's findings of fact relating to this motion [to suppress]. Defendant has additionally failed to identify in his brief which of the trial court's . . . findings of fact are not supported by the evidence. Therefore, this Court's review of this assignment of error is limited to whether the trial court's findings of fact support its conclusions of law.

*State v. Cheek*, 351 N.C. 48, 63, 520 S.E.2d 545, 554 (1999) (citation omitted), *cert. denied*, 530 U.S. 1245, 147 L. Ed 2d 965 (2000). Furthermore, "[t]he appellant must assign error to each conclusion it believes is not supported by the evidence. N.C.R. App. P. 10. Failure to do so constitutes an acceptance of the conclusion and a waiver of the right to challenge said conclusion as unsupported by the facts." *Fran's Pecans, Inc. v. Greene*, 134 N.C. App. 110, 112, 516 S.E.2d 647, 649 (1999) (citation omitted).

The trial court made detailed findings of fact and conclusions of law including that (1) defendant was read his *Miranda* rights and signed the Waiver of Rights form; (2) defendant signed a written statement; and (3) "[n]o threats or promises were made to the defendant to induce his execution of the written statement[.]" Furthermore, as

to staleness, defendant's own brief notes "the length of time between the giving of the warning and beginning of the interrogation was about 25 minutes[.]" As defendant failed to assign error to any of the trial court's findings of fact or conclusions of law these contentions are not reviewable. *See Cheek* at 63, 520 S.E.2d at 554; *Fran's Pecans, Inc.* at 112, 516 S.E.2d at 649.

### III. Defendant's Statements

**[2]** Defendant next argues "the trial court erred by allowing into evidence any statements ostensibly made by . . . [defendant] regarding an extra-marital affair" because the evidence was irrelevant and defendant "was unduly prejudiced by the admission of evidence[.]"

> Although the trial court's rulings on relevancy technically are not discretionary and therefore are not reviewed under the abuse of discretion standard applicable to Rule 403, such rulings are given great deference on appeal. Because the trial court is better situated to evaluate whether a particular piece of evidence tends to make the existence of a fact of consequence more or less probable, the appropriate standard of review for a trial court's ruling on relevancy pursuant to Rule 401 is not as deferential as the 'abuse of discretion' standard which applies to rulings made pursuant to Rule 403.

*Dunn v. Custer*, 162 N.C. App. 259, 266, 591 S.E.2d 11, 17 (2004) (internal citations and internal quotation marks omitted).

"Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." N.C. Gen. Stat. § 8C-1, Rule 403 (2005). Relevant evidence is defined as "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." N.C. Gen. Stat. § 8C-1, Rule 401 (2005). "[E]vidence is relevant if it has any logical tendency, however slight, to prove a fact in issue in the case." *State v. Hannah*, 312 N.C. 286, 294, 322 S.E.2d 148, 154 (1984). "[E]ven though evidence may tend to show other crimes, wrongs, or acts by the defendant and his propensity to commit them, it is admissible under Rule 404(b) so long as it also is relevant for some purpose other than to show that defendant has the propensity for the type of conduct for which he is being tried." *State v. Coffey*, 326 N.C. 268,

279, 389 S.E.2d 48, 54 (1990) (citation and internal quotation marks omitted); *see* N.C. Gen. Stat. § 8C-1, Rule 404(b) (2005) ("Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake, entrapment or accident.").

During the discussion between defendant's attorney and the trial court regarding excluding defendant's statement about the extra-marital affair, the trial court reasoned that the evidence of defendant's extra-marital affair helped explain why Jane waited to come forward and report what was happening to her. The trial judge determined that Jane would be allowed to testify as to what defendant told her regarding the extra-marital affair. We find no error with the trial court's decision as this statement is relevant to show why Jane waited to disclose defendant's actions towards her, and the probative value of the statements is not substantially outweighed by the danger of unfair prejudice. *See* N.C. Gen. Stat. § 8C-1, Rule 403. This argument is overruled.

## IV. Motions to Dismiss

[3] Defendant contends that the trial court erred in failing to dismiss (1) the charge of sex offense in 05 CRS 54070 because "[t]he evidence, if believed, was sufficient for statutory rape for which . . . [defendant] was not charged[, but] [i]t was not sufficient to constitute a sex offense[,]" and (2) one of the sex offense charges in 05 CRS 53071-3 because "it is pure speculation as to whether there was a third act of cunnilingus committed."

At the close of the State's evidence, defendant moved to dismiss charges based on the following arguments: (1) "there is a variance in the indictment and the facts that have been presented to the Court[;]" (2) "the State has an affirmative duty to prove that the persons involved are not lawfully married[;]" and (3) "there has been no evidence to suggest that . . . [defendant's] purported actions were for the purposes of gratifying and sexually arousing him." At the close of all of the evidence defendant's attorney requested the court "to enter a dismissal" based upon "the same contentions" as the previous motion.

"In order to preserve a question for appellate review, a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling the party

desired the court to make if the specific grounds were not apparent from the context." N.C.R. App. P. 10(b)(1). "This Court will not consider arguments based upon matters not presented to or adjudicated by the trial tribunal." *State v. Eason*, 328 N.C. 409, 420, 402 S.E.2d 809, 814 (1991). Thus, defendant has waived his right to appellate review[.]

*State v. Tollison*, 190 N.C. App. 552, 559, 660 S.E.2d 647, 652 (2008). As in *Tollison*, here "defendant has waived his right to appellate review" on the arguments presented in his brief as these were not the arguments he presented at trial. *See id.*

## V. Jury Instructions

[4] Defendant also argues that the trial court erred "in giving the sex offense instruction to the jury in 05 CRS 54070 and by accepting the guilty verdict thereon."

Because defendant failed to object to the jury instructions in this case, this assignment of error must be analyzed under the plain error standard of review. *State v. Holden*, 346 N.C. 404, 434-35, 488 S.E.2d 514, 530-31 (1997). Plain error with respect to jury instructions requires the error be "so fundamental that (i) absent the error, the jury probably would have reached a different verdict; or (ii) the error would constitute a miscarriage of justice if not corrected." *Id.* at 435, 488 S.E.2d at 531. Further, "in deciding whether a defect in the jury instruction constitutes 'plain error,' the appellate court must examine the entire record and determine if the instructional error had a probable impact on the jury's finding of guilt." *State v. Bell*, 359 N.C. 1, 23, 603 S.E.2d 93, 109 (2004) (citation and quotations omitted), *cert. denied*, 544 U.S. 1052, 125 S.Ct. 2299, 161 L. Ed. 2d 1094 (2005).

*State v. Wood*, 185 N.C. App. 227, 232, 647 S.E.2d 679, 684 (brackets omitted), *disc. review denied*, 361 N.C. 703, 655 S.E.2d 402 (2007).

The trial court instructed the jury, in pertinent part, as follows:

Ladies and gentlemen, in Case Number 05 CRS 54070, the defendant, Paul Tadeja, has been charged with statutory sexual offense against a child of the age of thirteen years.

During this trial, the State has presented evidence which the State contends shows that during the summer of 2005, the defendant attempted to insert his penis into the vagina of . . . [Jane]. The defendant denies that this act occurred. What, if

anything, the evidence shows is for you to say and determine, members of the jury.

For you to find the defendant guilty of this offense, the State must prove four things beyond a reasonable doubt.

First, that the defendant engaged in a sexual act with . . . [Jane]. A sexual act means any penetration, however slight, by an object into the genital opening of a person's body.

Second, that at the time of the act, . . . [Jane] was thirteen years old.

Third, that at the time of the act, the defendant was at least six years older than . . . [Jane].

And fourth, that at the time of the act, the defendant was not lawfully married to . . . [Jane].

If you find from the evidence beyond a reasonable doubt that on or about the alleged date, the defendant engaged in a sexual act with . . . [Jane], who was thirteen years old and that the defendant was at least six years older than . . . [Jane] and was not lawfully married to . . . [Jane], then it would be your duty to return a verdict of guilty as to this charge.

On the other hand, if you do not so find or if you have any reasonable doubt as to one or more of the these things, then it would be your duty to return a verdict of not guilty as to this particular charge.

The pertinent statute under which defendant was indicted for 05 CRS 54070 is N.C. Gen. Stat. § 14-27.7A(a) which provides, "A defendant is guilty of a Class B1 felony if the defendant engages in . . . a sexual act with another person who is 13, 14, or 15 years old and the defendant is at least six years older than the person, except when the defendant is lawfully married to the person." N.C. Gen. Stat. § 14-27.7A(a) (2005). "Sexual act" does not include the act of vaginal intercourse. N.C. Gen. Stat. § 14-27.1(4) (2005). Defendant argues that the trial court's instruction "supported a charge of statutory rape and not statutory sexual offense. . . . [because] [t]he trial court instructed the jury on the crime of statutory sexual offense where the State's evidence tended to show that a statutory rape occurred."

In *State v. McLellan,* the trial court incorrectly summarized the State's evidence to the jury. 56 N.C. App. 101, 104, 286 S.E.2d 873, 876

(1982). "[The] [d]efendant argue[d] that the misstatement was preju-
dicial because it improperly added credibility[.]" *Id.* This Court found
no error in the misstatement noting that,

> Defendant highlights an isolated portion of the court's
> jury instructions. The charge, however, must be construed con-
> textually. *State v. Gaines*, 283 N.C. 33, 43, 194 S.E.2d 839, 846
> (1973). . . . We will not hold one portion prejudicial when the
> charge as a whole is correct. *Id.*

*Id.* at 104-05, 286 S.E.2d at 876.

Furthermore,

> The charge of the court must be read as a whole, in the same
> connected way that the judge is supposed to have intended it and
> the jury to have considered it. *State v. Wilson*, 176 N.C. 751, 97
> S.E. 496 (1918). It will be construed contextually, and isolated
> portions will not be held prejudicial when the charge as whole
> is correct. *State v. Cook*, 263 N.C. 730, 140 S.E.2d 305 (1965);
> *State v. Goldberg*, 261 N.C. 181, 134 S.E.2d 334 (1963); *State v.
> Taft*, 256 N.C. 441, 124 S.E.2d 169 (1962). If the charge presents
> the law fairly and clearly to the jury, the fact that some expres-
> sions, standing alone, might be considered erroneous will af-
> ford no ground for reversal. *State v. Hall*, 267 N.C. 90, 147 S.E.2d
> 548 (1966).

*State v. Lee*, 277 N.C. 205, 214, 176 S.E.2d 765, 770 (1970) (internal
quotation marks and ellipses omitted).

Here, during the trial court's instruction on 05 CRS 54070 re-
garding a sexual offense the trial court stated that "the State has
presented evidence which the State contends shows that during the
summer of 2005, the defendant attempted to insert his penis into the
vagina of . . . [Jane]". Defendant is correct in arguing that a penis
cannot serve as the object of penetration for a "sexual act" as this
would instead constitute the act of vaginal intercourse which is
specifically excluded from the definition of a "sexual act." N.C.
Gen. Stat. § 14-27.1(4); *State v. Mueller*, 184 N.C. App. 553, 562, 647
S.E.2d 440, 448 ("Vaginal intercourse is defined as the slightest
penetration of the female sex organ by the male sex organ." (citations
and internal quotation marks omitted)), *cert. denied*, 362 N.C. 91, 657
S.E.2d 24 (2007).

However, the trial court also instructed the jury, "[I]t is now your
duty to decide from this evidence what the facts are. You must then

apply the law I'm about to give you to those facts." Furthermore, the trial court correctly instructed the jury as to the definition of a "sexual act."[3] The State presented evidence that defendant had penetrated Jane's vagina with his finger. Therefore, though the trial court's summary of facts as to 05 CRS 54070 was not the appropriate set of facts upon which to find defendant guilty of this charge, we conclude that the trial court did not commit plain error, as there was evidence upon which the jury could properly find defendant committed a "sexual act" upon Jane, the law was correctly stated to the jury, the instructions as a whole were correct, and the jury was admonished to personally determine the facts of the case. *State v. Wood* at 232, 647 S.E.2d at 684; *McLellan* at 104-05, 286 S.E.2d at 876; *Lee* at 214, 176 S.E.2d at 770. This argument is overruled.

## VI. *In Camera* Review

[5] Defendant last

> requests this Court review the sealed record [from the Department of Social Services which pertain to Jane] for evidence that is favorable and material to his defense. In the event that such information is contained in the sealed records, . . . [defendant] requests this Court to disclose said information, . . ., vacate his convictions and award him a new trial.

"[T]he proper standard of review [for reviewing sealed documents from the trial court] is *de novo.*" *State v. Scott*, 180 N.C. App. 462, 463, 637 S.E.2d 292, 293 (2006), *disc review denied*, 361 N.C. 367, 644 S.E.2d 560 (2007).

> A defendant who is charged with sexual abuse of a minor has a constitutional right to have the records of the child abuse agency that is charged with investigating cases of suspected child abuse, as they pertain to the prosecuting witness, turned over to the trial court for an *in camera* review to determine whether the records contain information favorable to the accused and material to guilt or punishment. *Pennsylvania v. Ritchie*, 480 U.S. 39, 58, 94 L. Ed. 2d 40, 58 (1987). If the trial court conducts an *in camera* inspection but denies the defendant's request for the evidence, the evidence should be sealed and "placed in the record for appellate review." *State v. Hardy*, 293 N.C. 105, 128, 235

---

3. The trial court's instruction followed N.C.P.I. Crim. 207.15.3 nearly verbatim, except for the one sentence summarizing the evidence, to which defendant assigns error.

S.E.2d 828, 842 (1977). On appeal, this Court is required to examine the sealed records to determine if they contain information that is "both favorable to the accused and material to either his guilt or punishment." *Ritchie*, 480 U.S. at 57, 94 L. Ed. 2d at 57; *see also Hardy*, 293 N.C. at 127-28, 235 S.E. 2d at 842; *State v. Jarrett*, 137 N.C. App. 256, 267, 527 S.E.2d 693, 700, *disc. review denied*, 352 N.C. 152, [544] S.E.2d [233] (2000). If the sealed records contain evidence which is both "favorable" and "material," defendant is constitutionally entitled to disclosure of this evidence. *Id.* at 60, 94 L. Ed. 2d at 59.

*State v. McGill*, 141 N.C. App. 98, 101-02, 539 S.E.2d 351, 355 (2000) (brackets omitted). The trial court reviewed the sealed records *in camera* and "had the Clerk make copies of those documents, which relate to any prior complaints or reports of possible sexual abuse of the victim in this case" and provided defense counsel with those documents. "The Court . . . also directed the Clerk to make copies of all the other documents that were in the Social Services file for possible appellate review. Those documents . . . [were] sealed and maintained in the court file for appellate review, if needed." Upon a thorough review of the remaining sealed records, we agree with the trial court and conclude they contain neither favorable nor material evidence for defendant. *See id.* The trial court did not err in denying disclosure of these records to defendant.

## VII. Conclusion

For the foregoing reasons, we find that the defendant received a trial free of prejudicial error.

NO ERROR.

Chief Judge MARTIN and Judge CALABRIA concur.