STATE OF NORTH CAROLINA, Plaintiff,
v.
RUSSELL LEE BEVILL, Defendant.
No. COA08-368.
Court of Appeals of North Carolina.
Filed April 7, 2009.
This case not for publication
Attorney General Roy A. Cooper, III, by Assistant Attorney General Anne M. Middleton, for the State.
Haral E. Carlin, for defendant-appellant.
STROUD, Judge.
Defendant was convicted by a jury of statutory sex offense and three counts of indecent liberties with a child. Defendant argues on appeal that the trial court committed reversible error by denying his motion to suppress and allowing Detective Laurie Smith to testify about a sticky note she recovered at defendant's home. For the following reasons, we find no error.

I. Background
The State's evidence tended to show: Around 6 April 2006, Katie,[1] age 14, and a friend were at defendant's home to spend thenight. Katie knew defendant because she often saw him at the skating rink. Once defendant and Katie were alone in a room "he started hugging" her and she pushed him away and told him to stop. Katie moved away from defendant. Later, Katie fell asleep. Katie was awakened by defendant's hands in her bra. Defendant touched and kissed Katie's breasts. Katie "couldn't move" because she was so afraid. Katie fell back asleep and awoke to defendant's hand in her pants and on her vagina. Defendant's fingers were inside Katie. Defendant then placed Katie's "hand in his pants. . . . on his penis[,]" moving it up and down. Katie heard defendant's wife "coming down the hallway" and defendant "jerked [her] hand out of his pants and jerked his hand out of [her] pants." Sherry, defendant's wife, told Katie she looked pale and helped her to go lie down in another room. Katie awoke the next morning to defendant touching her in her bra and kissing her on the mouth.
Katie informed her friend and Sherry what defendant had done to her. Katie's friend then took Katie into a room where defendant had a computer. Katie saw a sticky note which had what appeared to be addresses for websites featuring child pornography and bestiality. The next day Katie and her family went to Florida. When Katie returned from Florida she told her sister what defendant had done to her. Katie's sister then informed Katie's mother. Katie's mother took her to the Sheriff's Department where Katie told everything defendant had done to her to Detective Laurie Smith ("Detective Smith). On or about 1 May 2006, defendant was indicted for one count of statutory sex offense and three counts of indecent liberties with a child. On or about 15 December 2006, defendant filed a motion to "suppress those statements which he may have made to law enforcement officers of the Brunswick County Sheriff's Department[.]" On or about 1 October 2007, the trial court denied defendant's motion to suppress.
At trial defendant was found guilty by a jury of statutory sex offense and three counts of indecent liberties with a child. Defendant was determined to be a record level one offender and sentenced concurrently to 180 to 225 months for the statutory sex offense and 13 to 16 months on each of the indecent liberties with a child counts. Defendant appeals, arguing that the trial court committed reversible error by denying his motion to suppress and allowing Detective Smith to testify about the sticky note she recovered. For the following reasons, we find no error.

II. Motion to Suppress
Defendant first argues that "the trial court committed reversible error by denying the defendant's motion to suppress his pretrial statements to police when it failed to properly consider all the evidence under the `totality of circumstances' test concerning the voluntariness of the statement[.]" (Original in all caps.) We disagree.
Defendant claimed in his motion to suppress that it should be granted because
1. He is an individual of limited intellect, and has always been deemed needy of specialeducation. He receives SSI as a result of his mental disabilities.
2. He was asked by a deputy or deputies of the Brunswick County Sheriff's Department to accompany her or them to discuss matters related to allegations of sexual assault on the minor who is the subject of these charges, on the stated date, April 18, 2006.
3. At no time was he ever instructed as to his privilege against self-incrimination under the laws of the United States and of North Carolina, and while he was told he was free to leave, he never understood this concept and believed to his limited abilities that he was not free to do so.
4. For this reason and as will be shown at a hearing in this cause, the defendant was subject to improper coercion due to his own limitations, and his statements are, for this reason, and for others to be shown at a hearing in this action, not voluntary and freely given, nor given in any manner which would or should make them admissible in any trial of this matter.
"The standard of review to determine whether a trial court properly denied a motion to suppress is whether the trial court's findings of fact are supported by the evidence and whether the findings of fact support the conclusions of law." State v. Tadeja, ___ N.C. App. ___, ___, 664 S.E.2d 402, 406 (2008) (citation and quotation marks omitted). However, as this Court noted in Tadeja, our Supreme Court stated in State v. Cheek,
["]In this assignment of error, defendant has failed to specifically except to any of the trial court's findings of fact relating to this motion to suppress. Defendant has additionally failed to identify in his brief which of the trial court's findings of fact are not supported by the evidence. Therefore, this Court's review of this assignment of error is limited to whether the trial court's findings of fact support its conclusions of law.["] Furthermore, the appellant must assign error to each conclusion it believes is not supported by the evidence. Failure to do so constitutes an acceptance of the conclusion and a waiver of the right to challenge said conclusion as unsupported by the facts.
Id. at ___, 664 S.E.2d at 407 (2008) (quoting State v. Cheek, 351 N.C. 48, 63, 520 S.E.2d 545, 554 (1999) (quotation marks, ellipses, and brackets omitted), cert. denied, 530 U.S. 1245, 147 L.Ed. 2d 965 (2000)).
Here, defendant failed to assign error to any of the findings of fact or conclusions of law made by the trial court. These findings and conclusions included:
16. An objectively reasonable person would not have believed he was in custody;
17. By listening to the interview, it is apparent that the Defendant understood what was going on, and the Defendant had no problems communicating with Detective Simpson;
. . . .
1. Detective Simpson's interview of the Defendant on [A]pril 18, 2006, was non-custodial in nature;
2. The Defendant's statements to Detective Simpson were knowingly and voluntarily made.
"As defendant failed to assign error to any of the trial court's findings of fact or conclusions of law[,] these contentions are not reviewable." Id.

III. Testimony Regarding Sticky Note
Defendant next contends "the trial court committed reversible error by allowing Detective Smith to testify over the defendant'sobjection that she recovered a `sticky note' from the defendant's home that had a pornography website written on it . . . [because] the `sticky note' was never shown to the victim by the defendant, and the Detective never confirmed that it was actually a pornographic website[.]" (Original in all caps.) We again disagree.
We first note that our review of these issues has been complicated by the lack of a table of contents in the three volume transcript of the trial. As to the sticky note, during Detective Smith's testimony defendant's attorney stated, "Objection. It's not corroborative. Yes, it is. I'm sorry. I withdraw that." (Original in all caps.) Thus, prior to any response from the judge or the prosecuting attorney, defendant's attorney immediately withdrew his own objection. This Court has examined the testimony of Detective Smith and finds no objection from defendant regarding her testimony about the sticky note. If Detective Smith's testimony about the sticky note was the subject of an objection at an earlier or later point in the trial defendant has not directed us to this point in the transcript. We therefore conclude that defendant failed to object to Detective Smith's testimony regarding the sticky note.
In addition, defendant's assignment of error as to this issue only addresses the testimony of Detective Smith regarding the sticky note. Defendant's brief also discusses Katie's testimony about the sticky note, but defendant failed to properly preserve his appeal as to Katie's testimony regarding the sticky notebecause he failed to assign error to it. See N.C.R. App. P. 10(a) ("[T]he scope of review on appeal is confined to a consideration of those assignments of error set out in the record on appeal[.]").
Furthermore, "[w]here evidence is admitted over objection, and the same evidence has been previously admitted or is later admitted without objection, the benefit of the objection is lost." State v. Whitley, 311 N.C. 656, 661, 319 S.E.2d 584, 588 (1984) (citations omitted). Thus, although defendant objected to testimony about the sticky note during Katie's testimony, "the benefit of the objection is lost" as to Detective Smith's testimony because defendant failed to object to it. See id. Therefore, defendant has failed to properly preserve this issue and "defendant is entitled to review only for plain error. However, defendant fails to argue plain error, thereby waiving appellate review. N.C.R. App. P. 10(c)(4)." State v. Call, 349 N.C. 382, 415, 508 S.E.2d 496, 516 (1998).

IV. Conclusion
For the foregoing reasons, we conclude that there was no error.
NO ERROR.
Judges STEELMAN and JACKSON concur.
Report per Rule 30(e).
NOTES
[1] A pseudonym will be used to protect the identity of the minor.