BRYANT, Judge.
Where defendant's statement made while in custody is freely and voluntarily given, defendant's motion to suppress is properly denied. Where defendant admits the substance he was carrying was marijuana, there can be no plain error in the admission of lay and expert testimony that the substance was marijuana.
Defendant Sylvester Ray Andrews, Jr., was indicted by an Edgecombe County grand jury on 11 June 2012 on one count of possession with intent to sell or distribute marijuana. The charge came on for trial during the 3 February 2014 session of criminal court, the Honorable Quentin T. Sumner, Judge presiding. At trial, the State's evidence tended to show the following.
On the afternoon of 10 April 2012, Officer Curtis Robinson of the Rocky Mount Police Department noticed a parked, unoccupied vehicle in a residential driveway that had a partially illegible registration sticker. When Officer Robinson ran the vehicle's license plate, he determined that the plate was registered to another vehicle. As Officer Robinson had to leave the area to answer a service call, he contacted the police department to request a traffic stop on the vehicle.
Officers Wade Butler and Jay Manning responded to Officer Robinson's request for a traffic stop of the vehicle. As they approached the residence where the vehicle was parked, Officers Butler and Manning observed five individuals (three adults and two children) exit the residence, enter the vehicle, and drive away. After noticing that the vehicle's occupants were not wearing seatbelts, the officers initiated a traffic stop.
After the vehicle was stopped, Officer Jerry Edmonds and Sergeant Mike Whitley came by the scene to offer assistance but soon left. Officer Robinson then returned to the scene, having answered his unrelated service call.
Officers Robinson and Manning asked the occupants of the vehicle, including defendant, to exit the vehicle so a safety check for weapons could be conducted. Officer Robinson also noticed a smell of marijuana coming from the vehicle, and asked the occupants if anyone was carrying marijuana on their person. As defendant exited the vehicle, Officer Manning noticed a fist-sized lump located in the waistband of defendant's pants. When asked if he was carrying anything illegal on his person, defendant responded that he was carrying a bag of marijuana. Officer Manning removed the bag of marijuana. Officer Manning also removed $30.00 to $50.00 in small bills, along with two additional bags of marijuana, located in defendant's left front pocket. A search of the other adult male occupant of the vehicle by Officer Robinson revealed 5.19 grams of marijuana. Officer Robinson then transported defendant and the other male occupant to the police station.
At the police station, Officer Butler took defendant to an interview room and began to read defendant his Miranda rights. When defendant responded that he was not willing to speak with Officer Butler about the marijuana, Officer Butler stopped reading defendant's Miranda rights and left the interview room. Officer Butler sat in the hallway outside of defendant's interview room, leaving the door open, as he waited for the arrival of another detective who wished to speak with defendant regarding an unrelated homicide investigation.
Meanwhile, Sergeant Whitley approached, saw defendant sitting in the interview room, and asked Officer Butler "[W]hat do we have on [defendant]?" Officer Butler responded that "[W]e had found about approximately an ounce of marijuana and it was 24 bags." Defendant then interrupted and spoke up, stating that "[I]t was 22 bags. I counted it earlier. I was going to se[ll] some and smoke the rest." An analysis of the substance by the State Bureau of Investigation determined that the bags contained marijuana.
Defendant made a motion in limineto suppress admission of his statements, including the statement that "[I]t was 22 bags." After hearing arguments by both parties, the trial court denied defendant's motion during the trial. Defendant presented no evidence.
On 3 February, a jury convicted defendant of possession of marijuana with intent to sell or distribute. The trial court sentenced defendant to six to seventeen months imprisonment. Defendant appeals.
_________________________
On appeal, defendant raises two issues as to (I) whether defendant's custodial statements should have been excluded and (II) whether the trial court committed plain error in admitting expert and lay testimony as to the identity of the marijuana.
I.
Defendant argues that the trial court erred in failing to exclude defendant's custodial statements. We disagree.
"The standard of review to determine whether a trial court properly denied a motion to suppress is whether the trial court's findings of fact are supported by the evidence and whether the findings of fact support the conclusions of law." State v. Tadeja,191 N.C.App. 439, 443, 664 S.E.2d 402, 406-07 (2008) (citation omitted). "The trial court's conclusions of law are reviewed de novoand must be legally correct." State v. Campbell,188 N.C.App. 701, 704, 656 S.E.2d 721, 724 (2008) (citation omitted).
Defendant contends the trial court erred in failing to exclude his statements regarding the 22 bags of marijuana because these statements were made while defendant was in custody. Specifically, defendant argues that the trial court erred in finding that defendant made these statements to Officer Butler and Sergeant Whitley voluntarily, as Officer Butler had failed to advise defendant fully of his Miranda rights. Defendant's argument lacks merit, for the evidence presented at trial indicated that defendant's statements were made voluntarily.
At trial, the State proffered the testimony of Officer Butler as to defendant's statements concerning the 22 bags of marijuana. After defendant objected, the trial court conducted voir direbefore making the following findings of fact and conclusions of law:
I find as a fact that the defendant in this matter interjected himself between these two officers. The defendant's statements were freely and voluntarily made. His response-his statements were not in response to any in [-]custody question by the police officer at that time that would bring it in the purview of [M]iranda.
"The trial judge's finding after the voir direhearing that an inculpatory statement was freely and voluntarily given is conclusive on appeal when supported by competent evidence." State v. Porter,303 N.C. 680, 691, 281 S.E.2d 377, 385 (1981) (citations omitted). In Porter,the defendant was handcuffed and seated in a patrol car, but had not yet been read his Miranda rights, when he voluntarily interjected himself into a radio conversation between the arresting officer and another officer in which the defendant told the arresting officer where the stolen bank bag was located. Id.This Court found that because the defendant had voluntarily interjected himself into the officers' conversation, the defendant's statements were beyond the purview of Miranda. Id.at 693, 281 S.E.2d at 386. Our Supreme Court agreed, as "not all statements obtained by the police after a person has been taken into custody are to be considered the product of an interrogation[.]" Id.at 691-92, 281 S.E.2d at 385 ("Confessions remain a proper element in law enforcement. Any statement given freely and voluntarily without any compelling influences is, of course, admissible in evidence. The fundamental import of the privilege while an individual is in custody is not whether he is allowed to talk to the police without the benefit of warnings and counsel, but whether he can be interrogated. There is no requirement that police stop a person who enters a police station and states that he wishes to confess to a crime, or a person who calls the police to offer a confession or any other statement he desires to make. Volunteered statements of any kind are not barred by the Fifth Amendment and their admissibility is not affected by our holding today." (citing Miranda v. Arizona,384 U.S. 436, 478 (1966) )).
Here, as in Porter,although defendant had been arrested and was in custody, he was not being subjected to interrogation when he voluntarily "corrected" Officer Butler by stating that there were 22 bags of marijuana, rather than 24. The statements "w[ere] clearly the type of volunteered statement[s] expressly excluded from the Mirandaholding." Id.at 692, 281 S.E.2d at 385. Therefore, the trial court did not err in determining that the statement was freely and voluntarily made, and in denying the motion to suppress. Defendant's argument is, therefore, overruled.
II.
Defendant next argues that the trial court committed plain error in admitting expert and lay testimony as to the identity of the marijuana. We disagree.
For error to constitute plain error, a defendant must demonstrate that a fundamental error occurred at trial. To show that an error was fundamental, a defendant must establish prejudice-that, after examination of the entire record, the error had a probable impact on the jury's finding that the defendant was guilty. Moreover, because plain error is to be applied cautiously and only in the exceptional case, the error will often be one that seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.
State v. Lawrence,365 N.C. 506, 518, 723 S.E.2d 326, 334 (2012) (citations and quotations omitted).
Defendant contends the trial court committed plain error in admitting expert and lay testimony that the substance found on defendant's person was marijuana, as the State failed to conduct a "conclusive scientifically valid chemical analysis" on the substance to prove that it was in fact marijuana. Defendant cites State v. Ward,364 N.C. 133, 694 S.E.2d 738 (2010), in support of his argument.
In Ward,the defendant was convicted of trafficking in various pharmaceuticals after a chemical analyst for the State testified that, based on a visual inspection of the drugs found in the defendant's possession, those drugs were specific types of controlled substances. Id.at 136-37, 694 S.E.2d at 740-42. On appeal, our Supreme Court agreed with this Court that the trial court erred in admitting such evidence, as a purely visual inspection of various pills was not a sufficiently reliable form of chemical analysis for identification purposes. Id.at 148, 694 S.E.2d at 747-48.
Wardis not applicable to the instant case, as here, the State presented the testimony of both an expert and a lay witness as to the identity of the substance being marijuana. The expert witness, a chemical analyst with the State Bureau of Investigation, testified that she tested the marijuana using standard testing procedures for weight, color, and substance. Officer Butler, the lay witness, testified that, based on his experience, the substance found on defendant's person was marijuana. Moreover, even if the admission of testimony by these two witnesses was in error, defendant himself admitted to Officer Manning that he was carrying marijuana. Defendant further confirmed that the substance was marijuana at the police station when he interjected himself into the conversation between Officer Butler and Sergeant Whitley, as discussed in Issue I.As such, defendant's own admissions as to the identity of the substance were sufficient evidence by which a jury could determine whether the substance was in fact marijuana. Accordingly, the trial court did not commit plain error in admitting expert and lay witness testimony regarding the identification of the substance as marijuana. Defendant's argument is, therefore, overruled.
NO ERROR.
Chief Judge McGEE and Judge STEELMAN concur.
Report per Rule 30(e).
Opinion
Appeal by defendant from judgment entered 3 February 2014 by Judge Quentin T. Sumner in Edgecombe County Superior Court. Heard in the Court of Appeals 2 March 2015.